**In re: DEPO–PROVERA PRODUCTS LIABILITY LITIGATION.**

**No. MDL–1856.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2007.

Before: JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, ROBERT L. MILLER, JR., DAVID R. HANSEN, J. FREDERICK MOTZ, KATHRYN H. VRATIL and ANTHONY J. SCIRICA*, Panel on Multidistrict Litigation.

**ORDER DENYING TRANSFER**

**Before the entire Panel:** Plaintiffs in the Northern District of California actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey. This litigation currently consists of three actions listed on Schedule A, two actions in the Northern District of California and one action in the District of New Jersey.[1] Defendants oppose centrali-

---

* Judge Scirica did not participate in the decision of this matter.

1. The Panel also has been notified that at least seven other related actions have been filed in multiple districts.

zation, but if the Panel deems centralization to be appropriate, support the selection of the District of New Jersey as transferee district.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. This motion involves only three actions. One action is a medical monitoring putative class action, while the other two actions are personal injury actions, which have already been consolidated before one judge in the Northern District of California. The proponents of centralization have failed to convince us that any common questions of fact among these three actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may be able to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

### SCHEDULE A

*Northern District of California*

Cindy Winward v. Pfizer Inc., et al., C.A. No. 4:07–878

Kimberly Cable v. Pfizer Inc., et al., C.A. No. 4:07–879

*District of New Jersey*

Priscilla D. Riddell, et al. v. Pfizer Inc., et al., C.A. No. 3:06–5418